IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY K. BOLLING, : | |
| Petitioner, | |
| v. : | Case No. 3:20-cv-167 |
| NORM ROBINSON, Warden, | JUDGE WALTER H. RICE |
| London Correctional Institution, : | |
| Respondent. | |

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #14) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #18); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##15, 19); DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. #4); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

In 2003, Petitioner Anthony Bolling was convicted on charges of forcible rape and felonious sexual penetration of a child under thirteen, and sentenced to life in prison. He has twice before sought federal habeas relief. However, in February of 2018, the state court entered an amended *nunc pro tunc* judgment of conviction solely to impose post-release control should he ever be released, thus restarting the statute of limitations under AEDPA.

Bolling filed another Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #4. On September 24, 2020, United States Magistrate Judge

Michael R. Merz issued a Report and Recommendations, Doc. #14.  He recommended that, because all six Grounds for Relief were procedurally defaulted, the Court dismiss the Petition with prejudice, deny a certificate of appealability and deny leave to appeal *in forma pauperis.*

After Bolling filed Objections to the Report and Recommendations, Doc. #15, the Court recommitted the matter to Magistrate Judge Merz with instructions to file a supplemental report analyzing the Objections and making further recommendations, Doc. #16.  On the same date, Respondent filed a Response to Petitioner's Objections, Doc. #17.

On October 19, 2020, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #18, again recommending that the Court dismiss the Petition with prejudice.  Bolling has again filed Objections, Doc. #19, and Respondent has filed a Response, Doc. #20.  The Court must review *de novo* any portions of the Reports and Recommendations to which proper Objections have been filed.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #14, and in his Supplemental Report and Recommendations, Doc. #18, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety and OVERRULES Petitioner's Objections thereto, Docs. ##15, 19.

All of Petitioner's claims are procedurally defaulted. The state court did not reach the merits of the claims now raised in Grounds I-IV of the Petition because it found that they were barred by the doctrine of *res judicata.* The Court rejects Petitioner's argument that, because the original judgment was later modified, it cannot be considered a "final judgment" for purposes of *res judicata.* The original judgment entry was a final, appealable order, and, under Ohio law, "res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶3.[1]

Although the doctrine of *res judicata* does not apply in federal habeas cases following resentencing, *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), it does apply in habeas cases stemming from Ohio state court convictions. *See State v. Perry*, 10 Ohio St.2d 175 (1967). Because Ohio's *res judicata* rule is an adequate and independent state ground of decision, and Petitioner has not shown cause and prejudice or new evidence of actual innocence to excuse the procedural default, Magistrate Judge Merz properly concluded that Grounds I-IV must be dismissed with prejudice.

As to the Fifth Ground for Relief, the state court dismissed this claim as untimely, concluding that the 2018 amended judgment did not reset the Ohio

---

[1] Petitioner cites to *Deal v. United States*, 508 U.S. 129 (1993), for the proposition that a "judgment" refers both to the finding of guilt and the sentence and that one cannot be divorced from the other. *Deal*, however, concerned only the statutory construction of 18 U.S.C. § 924(c)(1), and is inapplicable here.

3

statute of limitations on petitions for post-conviction relief.  As Magistrate Judge Merz noted in the Report and Recommendations, "[a]lthough federal law treats the new judgment as restarting the federal statute of limitations and the second-or-successive counter for purposes of federal court jurisdiction, state courts are under no federal constitutional obligation to do the same."  Doc. #14, PageID#2496.  This Ground for Relief is procedurally defaulted and is dismissed with prejudice.

Finally, Magistrate Judge Merz properly found that the Sixth Ground for Relief was procedurally defaulted and fails on the merits.  This Ground concerns the State's alleged failure to produce, prior to trial, the original audiotape of a conversation between Petitioner and the victim.  *See Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner argues that his *Brady* claim was fairly presented to the state court, but that the state court did not rule on it.  Magistrate Judge Merz rejected this argument.

In state court, Petitioner filed a motion for leave to file a delayed motion for a new trial, based on "newly discovered evidence" of an expert witness's forensic analysis of that audiotape.  Petitioner sought a new trial so that he could prove that the State destroyed "potentially exculpatory evidence" by not maintaining the audiotape in its "original condition."  The Second District held that, prior to trial, Petitioner was aware of the fact that certain portions of the tape were deleted, erased over or otherwise omitted.  It concluded that he failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from timely filing his motion for a new trial or discovering the new evidence within the time period

4

provided by Crim. R. 33(B). The Second District therefore affirmed the trial court's decision denying the motion for leave to file a delayed motion for a new trial.  As Magistrate Judge Merz noted, although the motion for leave to file a delayed motion for a new trial contains a passing reference to *Brady*, there is no indication that the Second District understood that it was deciding a *Brady* claim.

Petitioner also filed a petition for post-conviction relief.  This petition, however, does not raise a *Brady* claim, but rather an ineffective-assistance-of-counsel claim based on counsel's alleged failure to investigate the authenticity of the audiotape that allegedly contained *Brady* material.  The trial court denied this motion as untimely and held that the amended judgment did not reset the statute of limitations.  Again, the Second District affirmed this decision.

For the reasons explained by Magistrate Judge Merz, the Court finds that the Sixth Ground for Relief is procedurally defaulted because it was not fairly presented to the state courts.  The claim also fails on the merits.  Given that Petitioner was a party to the conversations that were taped, he already possessed the information that he claims was withheld by the prosecutor.  Under these circumstances, there is no *Brady* violation.  *See United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) ("No *Brady* violation exists where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information.") (internal quotation omitted).  Accordingly, the Sixth Ground for Relief is also dismissed with prejudice.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #4.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 30, 2021                    /s/ Walter H. Rice   (tp - per Judge Rice authorization after his review)
                                        WALTER H. RICE
                                        UNITED STATES DISTRICT JUDGE

6